**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **PAUL ATHERTON** § | |
| *Plaintiff,* § | |
| § | |
| **v.** § | **CIVIL ACTION NO. 4:22-CV-01162** |
| § | |
| **UNIT DRILLING COMPANY and** § | |
| **BRANDON LEE FIELD** § | |
| *Defendants.* § | |

**ORIGINAL COMPLAINT**

To the Honorable United States District Judge:

COMES NOW, Plaintiff PAUL ATHERTON ("Atherton" or "Plaintiff"), and files his Original Complaint against Defendants, Unit Drilling Company and Brandon Field ("Complaint"). In support, Plaintiff states as follows:

**INTRODUCTION**

1. This action seeks actual, compensatory, and punitive damages for Defendants' negligence and gross negligence.

2. Plaintiff demands a jury on all issues triable to a jury.

**PARTIES**

3. Plaintiff PAUL ATHERTON is a resident and citizen of Texas. He brings this negligence action against Defendants.

4. Defendant BRANDON LEE FIELD ("Field") is a resident and citizen of Oklahoma, and can be served with process at his residence: 2232 Mission Road, Edmond, OK 73034-6825.

5. Defendant UNIT DRILLING COMPANY ("Unit Drilling") is a foreign corporation reportedly organized and existing under the laws of the State of Oklahoma, with its home or principal place of business being 8200 S. Unit Drive, Tulsa, OK 74132. Unit Drilling, at all times material hereto, was authorized and was doing business in the State of Texas. Defendant may be served with process by serving its Registered Agent for service of process, Prentice Hall Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

6. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. Plaintiff PAUL ATHERTON is a citizen of Texas. Defendant BRANDON FIELD is a citizen of Oklahoma. Defendant UNIT DRILLING COMPANY is a corporation incorporated under the laws of Oklahoma, and is authorized and doing business throughout the state of Texas.

7. Venue is proper before this Court under 28 U.S.C. §1391(a) (2), because a substantial part of the events giving rise to Plaintiff's claims occurred in Humble, Harris, Texas.

## BACKGROUND

8. At around 11:00 a.m. on September 30, 2020, Paul Atherton, as an employee for Weisinger, Inc., was conducting a routine pickup of drill collars Weisinger purchased at auction from Unit Drilling. Atherton helped load the trailer along with two other Weisinger employees and the Defendant's employee, Defendant Field, who operated the forklift.

9. Atherton stood in the front portion of the trailer when Field approached on forklift with three pieces of 30' by 8" column pipes. Atherton, experienced with communicating with forklift operators, used hand signals to direct Field to unload the pipes onto the trailer bed in order

to chalk the pipes. Field prematurely tilted the forks to set pipes down, neglecting Atherton's hand signals. The pipe then rolled towards Mr. Atherton. Mr. Atherton promptly attempted to move out of the way, but the rolling pipe pinned his left foot in place and he fell head-first backwards off the side of the trailer.

10. As Mr. Atherton fell, he extended his right arm to break his fall. His arm and head struck the pavement and he suffered significant injuries, all while his left foot remained pinned underneath the rolled pipe. At this point of time, Mr. Atherton was hanging upside down with his foot hung between the collar and trailer. Mr. Atherton's co-workers immediately rushed to his aid and shouted for Mr. Field to move the pipe and unpin Mr. Atherton. Mr. Atherton's co-worker picked up Mr. Atherton's body so that he was not hanging by his foot. Mr. Field then picked up the collars which released Mr. Atherton's foot.

11. Mr. Atherton was bleeding from the cuts, and complained of sore ligaments, and a broken wrist. Mr. Atherton also suffered lacerations on the left arm and head. Mr. Atherton's co-workers administered first aid to Mr. Atherton until the first responders arrived and treated him at the scene. First responders then transported Mr. Atherton to the hospital for further treatments.

12. Defendant Brandon Field was and still is an employee of Defendant Unit Drilling and was conducting business at one of the facilities owned and/or operated by Defendant Unit Drilling. The Defendants' negligence proximately caused Plaintiff's personal injuries and damages as more thoroughly described herein. Plaintiff now brings suit on the following grounds:

## CAUSES OF ACTION

### COUNT 1. NEGLIGENCE – DEFENDANTS, BRANDON FIELD AND UNIT DRILLING

13. Plaintiff adopts and incorporates all of the above paragraphs, as if fully set forth herein.

14. Defendant BRANDON FIELD was negligent in his actions and/or omissions in operating the forklift. Specifically, Defendant was negligent in, but not limited to, the following manner:

    a. Failing to maintain a proper lookout;

    b. Failure to properly balance the loads;

    c. Improper loading or overloading for the forklift;

    d. Operating the forklift under hazardous conditions;

    e. Failure to take proper evasive action;

    f. Failing to avoid the accident;

    g. Failure to operate the forklift in a reasonably attentive manner;

    h. Failure to apply appropriate method or maneuvers to the forklift he was operating; and

    i. Failure to properly load the pipes onto the trailer.

15. Defendant's acts and omissions constitute a failure to use due care as a reasonable and prudent person would have done under the circumstances. Defendant's failure to exercise due care was proximate cause of Plaintiff's injuries and damages as describe more thoroughly herein. Consequently, Defendant is liable to Plaintiff for his personal injuries and damages sustained as a direct result of Defendant's negligence.

16. Defendant UNIT DRILLING is legally responsible to Plaintiff for the negligent conduct of Defendant Brandon Field, under the legal doctrine of *respondeat superior* because Defendant Brandon Field was, at all time relevant and material, an employee of UNIT DRILLING, and acted within his scope of employment. As a result, Defendant UNIT DRILING is liable to Plaintiff for all his personal injuries and other damages sustained as the result of Defendant Brandon Field's negligent acts or omissions.

## COUNT 2. NEGLIGENT– UNIT DRILLING

17. Plaintiff adopts and incorporates all of the above paragraphs, as if fully set forth herein.

18. Defendant UNIT DRILLING was negligent in its errors and/or omissions in maintaining the forklift operated by its employees, including but not limited to the following:

   a. Defendant has a legal duty to maintain its equipment used by its employees;
   b. Defendant failed to adequately maintain the forklift operated by Defendant Brandon Field;
   c. Defendant knew or should have known the problems with the forklift in question, and failed to adequately repair or replace the forklift;
   d. Defendant owed a legal duty of care to Plaintiff concerning the maintenance and repairs of the forklift. Unit Drilling breached its duty of care in that the forklift was operated by its employees in unsafe manners or conditions;
   e. Defendant's breach of its duty contributed to Plaintiff's injuries and the Defendant knew or should have known, of the foreseeable consequences of failing to properly and adequately maintain its equipment;
   f. As a direct and proximate result of these known problems and failure to maintain and repair, UNIT DRILLING breached its legal duty of care and created hazardous and dangerous conditions. Said breach and negligence by Defendant UNIT DRILLING was the direct and proximate cause of the serious, permanent injuries and damages the Plaintiff sustained.

19. In addition to other negligent acts or omissions by Defendant UNIT DRILLING stated herein, Defendant UNIT DRILLING was also negligence in its errors and/or omissions in hiring or adequately training Defendant Brandon Field, including but not limited to the following:

   a. Defendant UNIT DRILLING has a legal duty to hire, supervise, train or retain a competent employee;
   b. Defendant UNIT DRILLING failed to ensure, through proper training and/or supervision, that its employees perform their work with competent skills to avoid physical and financial harm to others; further,
   c. Defendant UNIT DRILLING breached its duty when it retained incompetent employees who negligently caused personal injuries to Plaintiff.
   d. As a direct and proximate result of Defendant's acts or omissions, Plaintiff sustained permanent injuries and damages for which Plaintiff now sues.

## DAMAGES
## GENERAL DAMAGES

20. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered damages allowed by law for personal injuries in an amount in excess of $1,000,000.00.

21. As a further result of Defendants' negligence, Plaintiff PAUL ATHERTON has suffered serious and permanent personal injuries. Plaintiff suffered the following damages:

   a. Medical expenses incurred in the past;

   b. Medical expenses which in all probability will be incurred in the future;

   c. Loss of past earning capacity and lost wages;

   d. Loss of earning capacity which in all probability will be sustained in the future;

   e. Physical impairment in the past;

   f. Physical impairment which in all probability will be sustained in the future;

   g. Past disfigurement;

   h. Future disfigurement;

   i. Physical pain and suffering in the past;

   j. Physical pain and suffering in the future; and

   k. Mental anguish.

## EXAMPLEARY DAMAGES

22. Plaintiff incorporates herein by reference all of above paragraphs, inclusive, of this Complaint.

23. Defendants' acts and/or omissions are of such a character to rise to the level of gross negligence. Furthermore, Plaintiff would show that the acts and/or omissions of Defendants were carried out with a conscious disregard for an extreme danger of risk and the rights of others

and with actual awareness on the part of Defendants that their acts would, in reasonable probability, result in serious personal injury or death. Defendants caused substantial personal injury to Plaintiff and engaged in acts or omissions that, when viewed objectively from the standpoint of Defendant at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Further, Defendants, personally or through its employees and management, had actual, subjective awareness of the risk involved in their acts and omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of others, including the Plaintiff.

24. Plaintiff seeks exemplary damages pursuant to Plaintiff seeks the imposition of punitive or exemplary damages from Defendants without limitation as imposed by § 41.008 of the Texas Civil Practices and Remedies Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court issue summons to Defendants to answer, and upon a trial by jury of this matter, enter judgment against the above-named Defendants for compensatory damages in an amount in excess of $1,000,000.00, together with pre- and post-judgment interest, attorneys' fees, costs and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

GAUANT, KOEN, BINNEY
& KIDD, L.L.P.

By: _____
    Geoffrey S. Binney
    Fed. ID: 32660
    State Bar No. 24029071
    Lingling E. Dai
    Fed. ID: 1733805
    State Bar No. 24074104
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email: geoff.binney@gkbklaw.com
       ling.dai@gkbklaw.com

**ATTORNEYS FOR PLAINTIFF**
**PAUL ATHERTON**